## STATE v. ZURO YAMASHITA.

No. 3818.  Decided December 21, 1922.  (211 Pac. 360.)

CRIMINAL LAW—FAILURE TO INSTRUCT JURY THEY MAY RECOMMEND LIFE IMPRISONMENT, INSTEAD OF DEATH, ERROR. Failure to instruct a jury that they may recommend life imprisonment at hard labor, instead of death, for persons convicted of murder,

in accordance with Comp. Laws 1917, § 8026, is reversible error.[1]

Appeal from District Court, Third District, Salt Lake county; *L. B. Wight*, Judge.

Zuro Yamashita was convicted of murder, and he appeals.

REVERSED, and new trial granted.

*R. B. Thurman*, of Salt Lake City, for appellant.

*Harvey H. Cluff*, Atty. Gen., *W. Hal. Farr*, Asst. Atty. Gen., for the State.

PER CURIAM.

The defendant was convicted of murder in the first degree without a recommendation by the jury, was sentenced to be executed, and appeals.

It is conceded that in charging the jury the district court inadvertently omitted to charge them as provided in Comp. Laws Utah 1917, § 8026, which reads as follows:

"Every person guilty of murder in the first degree shall suffer death, or, upon the recommendation of the jury, may be imprisoned at hard labor in the state prison for life, in the discretion of the court."

It his been held, both by the Supreme Court of the United States (*Calton* v. *People*, 130 U. S. 83, 9 Sup. Ct. 435, 32 L. Ed. 870) and by this court (*State* v. *Thorn*, 39 Utah, 208, 117 Pac. 58, and *State* v. *Thorn*, 41 Utah, 414, 126 Pac. 286, Ann. Cas. 1915D, 90) that a failure to charge the jury that they may recommend imprisonment for life invades a substantial right to the defendant, and constitutes fatal error. In this case the omission to charge the jury as afore-

---

[1] *State* v. *Thorn*, 39 Utah, 208, 117 Pac. 58; Id, 41 Utah, 414, 126 Pac. 286, Ann. Cas. 1915D, 90.

said was not discovered until the motion for a new trial filed in the district court had been denied and the case had been appealed to this court. There is therefore no alternative save to reverse the judgment of conviction and to remand the case to the district court of Salt Lake county, with directions to grant the defendant a new trial. Such is the order.